NOS. 12-01-00356-CR


 12-02-00011-CR


 12-02-00012-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CHARLES RAY HILL,
§
 APPEAL FROM THE EIGHTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOPKINS COUNTY, TEXAS

 

MEMORANDUM OPINION


 Charles Ray Hill ("Appellant") appeals the cumulation of his sentences imposed by the trial
court following his three convictions for sexual assault of a child. (1) Appellant raises one issue on
appeal. We affirm.


Background

 Appellant was charged by separate indictments with three offenses of sexually assaulting a
child. (2) Appellant pleaded "not guilty" to each charge. At a pretrial hearing on August 30, 2001, the
prosecuting attorney for the State of Texas (the "State") notified Appellant's counsel that the
aggravated sexual assault cases would be consolidated. The State's notification was neither written
nor recorded by the court reporter. At the time of such oral notification, the court reporter was
present and subsequently testified that the prosecuting attorney did make such a statement to
Appellant's counsel. Moreover, the presiding judge also recalled discussing the joinder at the
August 30 hearing and further recalled Appellant's counsel being given such notice orally. 

 The State later sent a letter to Appellant's counsel memorializing such notice along with a
motion to consolidate, which was filed on September 17, 2001. The State's motion was granted on
September 18, 2001. On October 2, 2001, the first day of trial, Appellant objected to the State's
motion and moved for continuance. Appellant's objection was overruled. 

 Following a trial on the merits, a jury found Appellant guilty as charged. The trial court
assessed Appellant's punishment in each cause at imprisonment for life. The State moved to
cumulate Appellant's sentences. The trial court granted the State's motion and Appellant brought
this appeal.


Notice of Consolidation

 In his sole issue, Appellant argues that the trial court lacked the authority to cumulate
Appellant's sentences. Appellant's argument is based on the requirement that when a single criminal
action is based on more than one charging instrument within the jurisdiction of the trial court, "the
state shall file written notice of the action not less than thirty days prior to the trial." Tex. Pen. Code
Ann. § 3.02(b) (Vernon 1994). 

 Initially, we disagree with Appellant's contention that the trial court did not have the
authority to cumulate his sentences. As Appellant was charged under Texas Penal Code section
22.011, the trial court had the authority to order that Appellant's sentences run concurrently or
consecutively. See Tex. Pen. Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2003). Under section
3.03(b)(2)(A), that Appellant be prosecuted in a single criminal action was not a prerequisite for the
trial court's authority to cumulate sentences. Id. As such, the State's alleged failure to timely move
to consolidate its actions against Appellant had no bearing on the trial court's authority to cumulate
Appellant's sentences. 

 Further still, even if we were to determine that the trial court committed error, harm analysis
would be required. See Llamas v. State, 12 S.W.3d 469, 471 (Tex. Crim. App. 2000). In order to
properly conduct a harm analysis, we must determine whether or not the error affected a substantial
right. Id. at 471 n. 2. To make this determination, we must decide whether the error had a
substantial or injurious affect on the jury verdict. Id. In the instant case, our review of the record
as a whole does not reveal any substantial or injurious affect on the jury verdict. Had Appellant been
granted a continuance he would have undoubtedly had additional time to prepare his defense. 
However, there is no indication from the record that the absence of such additional preparation time
substantially or injuriously affected the presentation of Appellant's defense or the outcome of the
case. Therefore, we hold that even if the trial court committed error, our review of the record as a
whole indicates that such error, if any, was harmless. Appellant's sole issue is overruled.

 Accordingly, the trial court's order cumulating Appellant's sentences is affirmed.



 SAM GRIFFITH 

 Justice


Opinion delivered February 12, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.











 









(DO NOT PUBLISH)
1. See Tex. Pen. Code Ann. § 22.011(a)(2)(A) and (c) (Vernon Supp. 2003).
2. Each offense involved a different child.